# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 18-00886-CV-W-HFS |
| **2019 Lexus NX300, VIN: JTJBARBZ5K2180053** | |
| Defendant. | |

## O R D E R

On November 7, 2018, a verified Complaint for Forfeiture *in Rem* was filed on behalf of the plaintiff, United States of America, against the defendant property. The complaint alleges that the defendant property was involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956, 1957 or 1960 or was property traceable to such property. The Complaint also alleges forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because the defendant property constituted or was derived from proceeds of a "specified unlawful activity" as defined in Section 1956(c)(7) of Title 18 of the United States Code, or a conspiracy to commit such offense, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

Process was fully issued in this action and returned according to law. Pursuant to a warrant for arrest of property issued by this Court, the United States Marshal Service arrested the substituted defendant *res* on October 1, 2020.

The known potential claimants, Toyota Motor Credit Corporation (Toyota) and Henry Asomani (Asomain) were served the Notice of Complaint and Complaint for Forfeiture *in Rem* and have acknowledged service thereof—

Toyota filed claim and reached a settlement agreement with the United States. Pursuant to the settlement agreement, Toyota received proceeds from the interlocutory sale of the vehicle in satisfaction of its security interest and no longer has an interest in this matter.

Asomani filed a claim and answer. Asomani has since filed a motion to withdraw his answer because he does not intend to pursue the claim in this civil forfeiture action.

Any and all other potential claimants have been notified of the action and of their rights to assert a claim for the defendant property by publication for thirty consecutive days beginning on November 8, 2018, and ending on December 7, 2018, on the official government internet site, www.forfeiture.gov, which publication is evidenced by a Declaration of Publication on file with this Court

No persons or entities, other than Asomani and Toyota, filed claims to the defendant property, and the time within which such claims must have been filed has expired.

Now, therefore, on the motion of the plaintiff United States of America for a judgment of forfeiture, it is hereby

ORDERED --

1. that the Answer of Henry Asomani is dismissed with prejudice;

2.  that all persons claiming any right, title, or interest in or to the defendant property are held in default, including Henry Asomani for failure to litigate his claim in this case;

3.  that all claims and interests in the defendant property are forever foreclosed and barred;

4.  that plaintiff's motion for a judgment of forfeiture is granted, and the defendant property to be disposed of according to law;

5.  that the Clerk of the Court shall enter a judgment consistent with this order.

SO ORDERED, this 22nd day of December, 2020.

s/ HOWARD F. SACHS

HOWARD F. SACHS
United States District Judge